**WO** BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Patrick Healy, ) | No. CV 05-2228-PHX-DGC (MEA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

Plaintiff Thomas Patrick Healy, confined in the Maricopa County Durango Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff has requested leave to proceed *in forma pauperis*. The Court will deny his request and require him to pay the $250.00 civil action filing fee to thirty days.

**A.    Application to Proceed In Forma Pauperis & Filing Fee.**

A prisoner must pay the $250.00 civil action filing fee either in a lump sum or when granted the privilege of proceeding *in forma pauperis*, incrementally pursuant to 28 U.S.C. § 1915(b)(1). To apply to proceed *in forma pauperis*, a prisoner must submit an affidavit of indigency and a *certified* copy of his trust account statement for the six months preceding the filing of the Complaint. See 28 U.S.C. § 1915(a)(2). Plaintiff has complied with these requirements.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**JDDL**

Plaintiff's financial condition, however, shows that he is able to pay the filing fee. His trust account was opened with $2,252.86 and his current spendable balance is $1,305.58. Plaintiff's expenditures appear to primarily be discretionary items at the prison store. In addition, because Plaintiff is incarcerated, his living expenses such as food and shelter are being provided for him.

In light of his financial history, payment of the $250.00 filing fee appears to be well within Plaintiff's means. Accordingly, Plaintiff's Application to Proceed In Forma Pauperis will be denied, and Plaintiff will be required to pay the $250.00 filing fee before proceeding any further with this action.

**B.    Address Changes.**

In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he must file a notice of change of address if his address changes. Plaintiff is again reminded that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Plaintiff shall serve a copy of the Notice of Change of Address on all opposing parties. The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief. Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**C.    Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order or any order entered in this matter, this action will be dismissed without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED:**

(1) That Plaintiff's Application to Proceed *In Forma Pauperis* is denied;

1    (2) That Plaintiff shall have **30 days** from the date this Order is filed in which to pay
2 the $250.00 filing fee; and
3    (3) That the Clerk of Court is directed to enter dismissal of this action without
4 prejudice and without further notice to Plaintiff if Plaintiff fails to pay the $250.00 filing fee
5 within 30 days of the date this Order is filed.
6    DATED this 19th day of October, 2005.

_____
David G. Campbell
United States District Judge

- 3 -